IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QUANNAH HARRIS, d/b/a LAST MINUTE CUTS, § § § | |
| Plaintiff, § § | |
| V. § | No. 3:23-cv-898-E-BN |
| § | |
| SALMON SIMS THOMAS, PLLC, ET AL., § § § § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Quannah Harris, resident in Memphis, Tennessee, filed in the Western District of Tennessee a *pro se* complaint alleging claims, including accounting malpractice, negligence, breach of fiduciary duty, negligent misrepresentation, and intentional misrepresentation, against Defendant Salmon Sims Thomas, PLLC ("SST"), an accounting firm in Dallas, and Defendants Eileen Keller, a partner at SST, and Aaron Lohman, an employee of the firm (collectively "Defendants").

The United States District Court for the Western District of Tennessee denied Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), but, considering a forum selection clause contained in two engagement letters signed by the parties, specifying that any litigation shall be conducted in Dallas County, Texas, the court granted Defendants' motion to transfer and directed that this lawsuit be transferred to this district under 28 U.S.C. § 1404. *See Harris v.*

*Salmon Sims Thomas, PLLC*, No. 22-02757-MSN-tmp, 2023 WL 3035348 (W.D. Tenn. Mar. 1, 2023), *rec. adopted*, 2023 WL 3108524 (W.D. Tenn. Apr. 26, 2023) ("*Harris I*").

The district court in Tennessee left pending Defendants' other motions as to Harris's amended complaint: a motion to dismiss/quash service under Federal Rule of Civil Procedure 12(b)(5), *see* Dkt. No. 18, and a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. No. 19; *see also Harris I*, 2023 WL 3035348, at *9 n.3.

After transfer to this district, United States District Judge Ada Brown referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Judge Brown then accepted the undersigned's recommendation that the Court grant the motion to dismiss the amended complaint under Rule 12(b)(6), deny as moot the motion under Rule 12(b)(5), and grant Harris leave to file a second amended complaint ("SAC"). *See Harris v. Salmon Sims Thomas, PLLC*, No. 3:23-cv-898-E-BN, 2023 WL 5022293 (N.D. Tex. July 20, 2023), *rec. accepted*, 2023 WL 5021791 (N.D. Tex. Aug. 7, 2023) ("*Harris II*").

And a subsequent order from Judge Brown sets out this lawsuit's proceeding in this district since:

> The Court accepted the magistrate judge's findings, conclusions, and recommendation (the "FCR"), to which neither side timely objected, on August 7, 2023. *See* Dkt. Nos. 34 & 35. In doing so, although the Court granted Defendants' pending motion to dismiss, it also allowed Plaintiff until August 28, 2023 to file a [SAC]. *See* Dkt. No. 35.
> On August 23, 2023, Plaintiff moved for leave to file objections to

> the FCR, explaining that an illness and her hospitalization prevented her from timely objecting to the FCR. *See* Dkt. Nos. 36 & 37.
>
> The Court GRANTS the motion for leave [Dkt. No. 37]. And, after reviewing *de novo* those portions of the FCR to which Plaintiff objects, the Court remains of the opinion that the FCR is correct. Accordingly, the objections do not impact the Court's decision to grant the motion to dismiss without prejudice to Plaintiff's ability to file a [SAC].
>
> Because Plaintiff filed a [SAC] on September 7, 2023, *see* Dkt. No. 42, the Court also GRANTS the August 28, 2023 motion for extension of time to do so [Dkt. No. 38].
>
> Since then, Defendants moved on September 21, 2023 to dismiss and to strike the [SAC], *see* Dkt. Nos. 44 & 45; Plaintiff timely responded on October 11, 2023, *see* Dkt. Nos. 47 & 48; N.D. TEX. L. CIV. R. 7.1(e); and the time to file replies has expired, *see* N.D. TEX. L. CIV. R. 7.1(f).

Dkt. No. 51.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss, deny as moot the motion to strike, and dismiss this lawsuit with prejudice.

## Legal Standards

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as

plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g., Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981). One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

## Analysis

As set out in *Harris II*, examining the amended complaint,

> Harris's claims, at their core, are based on [a 2020] agreement between SST and an entity identified as Harris & Harris, Inc. dba Last Minute Cuts School of Barbering & Cosmetology (the Company), *see* Dkt. No. 12 at 31-34 (attached exhibit) – that SST allegedly breached the agreement by conducting a GAGAS audit, instead of a GAAP audit, *see id.*, ¶¶ 21, 24, 38, 43, 48, 55, 60, 64, 69.
> And Defendants argue that Harris herself, "as a non-party to the alleged agreement," "lacks standing to assert any of the claims advanced in the Amended Complaint." Dkt. No. 19-3 at 9-10; *see also Harris I*, 2023 WL 3035348, at *6-*9 (noting that, although Defendants dispute

> whether Harris herself is a party to the agreement, finding that the forum selection clause of the agreement could be enforced against Harris for the sole purpose of resolving the motion to transfer venue and further finding that the claims in the amended complaint "pertain to the 'meaning, performance or enforcement' of [the] agreement with SST"; that the "breach of contract claim relates to enforcement of [the] agreement"; that the "claims for accounting malpractice, negligent infliction of emotional distress, negligence, breach of fiduciary duty, negligent misrepresentation, and intentional misrepresentation all concern the … performance of [the] contract"; and that "[a]ll these claims fall within the scope of the forum selection clause").
>
> The [amended] complaint identifie[d] Harris as "minority school owner" but fails to plausibly allege how she herself should be considered a party to the agreement or a third-party beneficiary under the agreement between SST and the Company.

*Harris II*, 2023 WL 5022293, at *4 (citation modified).

While the SAC is substantially the same as the amended complaint that the Court dismissed without prejudice, Harris does add allegations up front to address the standing concerns set out above:

> In or around 2006, Harris and Harris, Inc. was established by Hanalei Harris and Quannah Harris, husband and wife, the corporation was dissolved by the Tennessee Secretary of State in or around 2013.
> In 2014 the couple divorced in the Circuit Court of Tennessee for the 13th Judicial District at Memphis, Judge D'Army Bailey awarded Quannah Harris all the assets, all the liabilities, all rights, and all interest associated with the dissolved corporation, Harris & Harris, Inc., see Hanalei Harris vs Quannah Harris (14 Cir. 2014)
> The Plaintiff, Quannah Harris, brings forth the instant action as the assignee of Harris & Harris, Inc. d/b/a Last Minute Cuts School of Barbering & Cosmetology, see Exhibit A; following the dissolution of Harris & Harris, Inc., Quannah Harris was awarded the rights and responsibilities of the organization with regards to the business known as Last Minute Cuts School of Barbering & Cosmetology and therefore has standing to initiate the instant action against the Defendants.

Dkt. No. 43, ¶¶ 2-4 (emphasis omitted); *see id.* at 19-23 (purported assignment agreement).

Defendants argue that this amendment further supports their initial

argument that Harris lacks standing to pursue this lawsuit:

> In the [SAC], Plaintiff argues that she has standing as a result of an Assignment Agreement executed by Plaintiff and Harris & Harris on January 1, 2015. However, Plaintiff pleads that Harris & Harris was dissolved as of the date of the purported assignment…. [T]his assignment was of no legal effect under both Texas and Tennessee law….
>
> Plaintiff does not plead sufficient standing to bring the claims in this lawsuit, despite amending her complaint on two occasions….
>
> In Texas "[a]s a general rule, the benefits and burdens of a contract belong solely to the contracting parties, and 'no person can sue upon a contract except he be a party to or in privity with it.'" *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (quoting *House v. Hous. Waterworks Co.*, 88 Tex. 233, 31 S.W. 179, 179 (1895)). This is true of cases involving alleged accounting malpractice. A professional negligence claim requires privity of contract. *Ervin v. Mann Frankfort Stein & Lipp CPAs, L.L.P.*, 234 S.W.3d 172, 182 (Tex. App. – San Antonio 2007, no pet.) (citing *Prospect High Income Fund v. Grant Thornton, LLP*, 203 S.W.3d 602, 609 (Tex. App. – Dallas 2006, pet. denied)). The accountant-client relationship is a contractual relationship that creates privity between the accountant and the client, permitting only the client to bring a claim for professional negligence against the accountant. *Id.* Texas courts recognize limited exceptions to the privity rule, such as when a party qualifies as a third-party beneficiary. *See First Bank*, 519 S.W. at 102; *MCI Telecomms. Corp. v. Tex. Utils. Elec. Corp.*, 995 S.W.2d 647, 651 (Tex. 1999). Tennessee courts also recognize privity of contract as a prerequisite for standing to bring a claim under a contract, while acknowledging limited exceptions such as for third-party beneficiaries. *See Owner-Operator Ind. Drivers Ass'n v. Concord EFS, Inc.*, 59 S.W .3d 63 (Tenn. 2001); *2850 Parkway Gen. P'ship v. Scott*, No. E2010-02413-COA-R3CV, 2012 WL 19520, at *3 (Tenn. Ct. App. 2012).
>
> In this case, Plaintiff does not plead that she was a party to the Engagement Agreement or that she was a third-party beneficiary of that agreement. Instead, in the [SAC], she alleges that she has standing as an assignee of Harris & Harris by virtue of an Assignment Agreement executed on January 1, 2015. However, according to Plaintiff, Harris & Harris was dissolved by the Tennessee Secretary of State in 2013.
>
> It is axiomatic that there must be parties to a contract or assignment, as well as a meeting of the minds as to the terms of the parties' contract. Under Texas law, an assignment refers to the transfer of property or some right or interest from one person to another. *See Sanders Oil & Gas, Ltd. v. Big Lake Kay Constr., Inc.*, 554 S.W.3d 79,

- 7 -

> 91 (Tex. App. – El Paso 2018, no pet.); *Concierge Nursing Centers, Inc. v. Antex Roofing, Inc.*, 433 S.W.3d 37, 45 (Tex. App. – Houston [1st Dist.] 2013, no pet.) (emphasis added). To form a contract, there must be: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Levetz v. Sutton*, 404 S.W.3d 798, 803 (Tex. App. – Dallas 2013, pet. denied) (citing *Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455, 465 (Tex. App. – Dallas 2006, pet. denied) (emphasis added)). The same is true in Tennessee. *See Action Chiropractic Clinic, LLC v. Hyler*, 467 S.W.3d 409, 411 (Tenn. 2015) ("An assignment is a transfer of property or some other right from one person (the 'assignor') to another (the 'assignee') … To determine whether a particular assignment is valid, principles of general contract law apply.") (internal quotations omitted).
>
> There can be no meeting of the minds, or the transfer of one party's rights under an assignment, when that party does not exist. Put simply, there can be no assignment of rights where the assignor does not exist. For these reasons, Plaintiff still fails to plead that she has the capacity – as assignee of a non-existent entity – to bring the claims in this lawsuit. The claims should therefore be dismissed with prejudice in accordance with Rule 12(b)(6).

Dkt. No. 44, ¶¶ 19-24 (cleaned up).

Harris responds that Defendants lack standing to challenge the assignment. *See* Dkt. No. 48 at 5 (citing *Eskridge v. Federal Home Loan Mortg. Corp.*, No. 6:10-CV-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011)).

But the authority that Harris cites does not appear to stand for the proposition for which she cites it.

For example, Harris cites language from *Eskridge* providing that "Plaintiff has no standing to contest the various assignments as she was not a party to the assignments," 2011 WL 2163989, at *5, to argue that Defendants may not challenge the assignment she alleges in the SAC. But, as another judge in this district has explained,

- 8 -

> [t]he *Eskridge* court did not cite any authority for its conclusion. … The court, after searching, has not found any Texas or Fifth Circuit case that has held that a borrower can never challenge a foreclosure based on an assignment of a deed of trust because of a lack of standing. The *Eskridge* court's holding in this regard appears to be based on the well-settled rule under Texas law that only actual parties to a contract or intended third-party beneficiaries can sue for breach of the contract to enforce its terms and claim the benefit of the contract. *See Resolution Trust Corp. v. Kemp*, 951 F.2d 657, 662 (5th Cir. 1992) (citing *Old Stone Bank v. Fidelity Bank*, 749 F. Supp. 147, 152 (N.D. Tex. 1990) (collecting Texas cases)).

*Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 753 (N.D. Tex. 2013).

So, it appears that *Eskridge* reinforces Defendants' position that Harris fails to plausibly allege contractual standing or that she otherwise has standing to bring the claims in this lawsuit.

And, more to the point of a motion to dismiss under Rule 12(b)(6), Harris through the SAC, directly undercuts the plausibility of her claims by alleging that the entity that contracted with Defendants in 2020 was dissolved by the Tennessee Secretary of State in 2013 and that, only after this dissolution, did the entity make an assignment to Harris (in 2015). She has therefore now alleged facts that prevent her entitlement to relief from crossing the line from possible to plausible.

In addition, Harris has not plausibly pleaded – for the reasons set out in Defendants' current motion to dismiss and in *Harris II* – that she is a third-party beneficiary to the contract at issue. *See, e.g.*, *Harris II*, 2023 WL 5022293, at *4-*5 ("If the contract's language leaves any doubt about the parties' intent, those doubts must be resolved against conferring third-party beneficiary status." (quoting *First Bank*, 519 S.W.3d at 103)).

For these reasons, and because Harris has now been allowed to amend her

allegations twice, the Court should deny further leave to amend as futile and dismiss this lawsuit with prejudice.

## Recommendation

The Court should grant the motion to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 44], deny as moot the motion to strike [Dkt. No. 45], and dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE